UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x Index No.:

GERALD IKEZI
ANTHONY UKAZU,

                                      **COMPLAINT**
                     Plaintiffs,        **DEMAND FOR JURY TRIAL**

       -against-

THE CITY OF NEW YORK, P.O. CENTORE (Badge # 31854 and
P.O. MERCER of Queens Task Force.

                              Defendants.
---------------------------------------------------------------x

GERALD IKEZI and ANTHONY UKAZU, by their attorney, Chinyere Onwuchekwa,

Esq., complaining of The City of New York, New York Police Department, and Police

Officers CENTORE (Badge # 31854 and P.O. MERCER, upon information and belief,

alleges as follows:

## JURISDICTION

      1.    This is an action at law to redress the deprivation, under color of statute,

ordinance, regulation, custom or usage, by Defendants of the rights, privileges and

immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to

the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and

statutes of the State of New York and the City of New York.

      2.    Jurisdiction is specifically conferred on the United States District Court by

28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and

by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the

deprivation, under color of statute, ordinance, regulation, custom or usage, of rights,

privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth

Amendments to the Constitution, and by 42 U.S.C. §1983.


3.      Venue is proper because the acts complained of herein occurred in

Queens, Queens county, City and State of New York, which is in the

Eastern District of New York.

## PARTIES

4.      During all times relevant and material to this Complaint, Plaintiffs were,

and still are, legal resident of the United State, residing in Addisleigh Park

and Bronx  respectively,  City and State of New York and

5.      During all times relevant and material to this case, Defendant City of New

York was a municipal corporation incorporated under the laws of the State

of New York.

6.      During all times relevant and material to this case, Defendant Police

Officers were employees of Defendant City of New York through its

Police Department.

7.      During all times relevant and material to this case, the actions of the

individual Police Officers complained of herein were done as part of the

custom, practice, usage, regulation and/or direction of Defendants City of

New York and New York Police Department (hereinafter NYPD), and

Defendants City of New York and NYPD are as such responsible for the

individual Defendants' actions.  Defendant City of New York and NYPD

are further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES

8.    All conditions precedent for the filing of this action has been complied with: written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the District Court.

9.    At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.    The claim arose out of the incidents that transpired on March 6, 2014, at approximately 8:15 P.M., on Jamaica Avenue, Queens New York at its intersection with 208th Street, City and State of New York.

.    11.    On the evening of March 6, 2014, at approximately 8:15 p.m., while driving along Jamaica Avenue, at its intersection with 208th Street, Queens New York,  Plaintiffs were  pulled over by two uniformed police officers, whom they later identified as P.O. Centore (Badge #: 31854) and P.O. Mercer, of Queens County Task Force. These officers were riding in an unmarked police vehicle. The officers approached plaintiffs' vehicle from behind.  The Plaintiffs pulled over and the officers asked them to step out of their vehicle to which they complied.

12.     Upon stepping out of their vehicle, the officers' hand cuffed the plaintiffs behind their backs and ordered them to sit by the curbside, in plain view of passers-by. When plaintiffs demanded to know why they were being subjected to such inhumane treatment, the officers responded that such treatment was for the officers' safety while the officers checked out plaintiffs' out-of-state registration. While in the process of having his hands twisted behind his back for handcuff, plaintiff Gerald Ikeji protested same and pleaded with the officers that his left shoulder was injured and was undergoing treatment at the time, but the officer ignored this co-plaintiff 's please and proceeded to place the handcuff behind his back. Plaintiff Anthony Ukazu had a pre-existing injury on his shoulder which was exacerbated when he was handcuffed behind his back.

13.     Plaintiffs were in that position - handcuffed behind their back and sitting at curbside - for approximately two (2) hours, before they were let go by the officers. Thus, for two (2) hours Plaintiffs were handcuffed behind their back and asked to sit on Jamaica Avenue, while by-passers looked on. The actions of the officers were intended to cause pain and humiliate the plaintiffs and did in fact cause severe physical pain and emotional trauma to them.

14.     Plaintiffs have been damaged by the actions of the City of New York and its agents, was falsely arrest, falsely imprisoned and for approximately two (2) hours, was publicly humiliated and physically injured for no just cause, lost respect and dignity before family and friends, and therefore seeks

compensation as a result.

15.     In light of the above, the Plaintiffs have been damaged by the actions of
the City of New York and its agents, was arrested and imprisoned for over
2 hours without probable cause, and without reason to believe that she
committed an offense. The Plaintiffs suffered and continues to suffer
mental anguish, reputation injuries, psychological and emotional distress
as a result of the actions that gave rise to this lawsuit.

## AND AS FOR A FIRST CAUSE OF ACTION

16.     The Plaintiffs repeats and re-alleges paragraphs 1 through 15 as if each
paragraph is repeated verbatim herein.

17.      The defendant police officers arrested and imprisoned Plaintiffs without
probable cause, without a warrant and with malice and intentional
disregard for their constitutional rights.  The Defendants, acting under
color of State Law, violated the Plaintiff's right to be free from
unreasonable seizures, secured to them under the Fourth and Fourteenth
Amendments to the Constitution, and their right not to be deprived of
liberty without due process of law, secured to them under the Fifth and
Fourteenth Amendments.  By denying Plaintiff's Constitutional rights
under color of State Law, the Defendants violated 42 U.S.C. §1983.

18.     As a result of this action the Plaintiffs were denied their freedom and
liberty and suffered emotional and mental distress thereof.  The Plaintiffs
claims compensatory damages in the amount of $600,000. In addition,
because the defendant police officers acted with malice and intentional

disregard for her Constitutional rights when they subjected her to unreasonable search and seizure, Plaintiffs seeks $600,000 in punitive damages.

**AND AS FOR A SECOND CAUSE OF ACTION**

19.   Plaintiffs repeat and re-allege paragraphs 1 through 18 as if each paragraph is repeated verbatim herein.

20.   In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 2 hours without probable cause, deprived them of their rights, remedies, privileges, and immunities guaranteed to her by said law.

21.   Plaintiffs were denied their freedom and liberty, and therefore suffered emotional and mental distress as a result. The Plaintiffs claims compensatory damages in the amount of $600,000 for the violation of their rights under Common Law and for her emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for their Constitutional rights when they arrested and imprisoned them, Plaintiffs seeks $600,000 in punitive damages.

**AND AS FOR A THIRD  CAUSE OF ACTION**

22.   Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23.   The defendant police officers were acting as agents of the City of New

York when they committed the acts complained of herein, therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiffs sustained in the First and Second Causes of Action

24.     The Plaintiffs claims compensatory damages in the amount of $600,000 for the violation of these rights, which resulted in mental and emotional injuries. In addition, because the Defendants acted with malice and intentional disregard for their Constitutional rights, Plaintiffs seeks $600,000 in punitive damages.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i.      $600,000 in compensatory damages against all the defendants, jointly and severally;

ii.     $600,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii.    attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv.     such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
       October 08, 2014

                              By: _____/s/_____
                              CHINYERE ONUCHEKWA (CO-1939)
                                  Attorney for Plaintiff
                                  255 Livingston Street, 3rd Floor
                                  Brooklyn, NY 11217
                                  (718) 643-8800